```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| GERALDINE BERNADIN, | : | CIVIL ACTION |
| | : | NO. 20-5364 |
| Appellant, | : | |
| v. | : | |
| | : | |
| U.S. BANK NATIONAL ASSOCIATION | : | |
| AS TRUSTEE, SUCCESSOR IN INTEREST | : | |
| WACHOVIA BANK NATIONAL | : | |
| ASSOCIATION, AS TRUSTEE FOR | : | |
| MERRILL LYNCH INVESTORS TRUST, et al., | : | |
| | : | |
| Appellees. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                May 17, 2022

## I.  INTRODUCTION

This is an appeal from the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"). In the proceeding below, Appellant Geraldine Bernadin sought, inter alia, an order bifurcating Appellee U.S. Bank's claim into its allowed secured and allowed unsecured components pursuant to 11 U.S.C. § 506(a) and a determination pursuant to section 506(d) that any lien U.S. Bank has on Appellant's property is void to the extent the total claim exceeds the amount of the allowed secured claim. The Bankruptcy Court denied this request because it found it was precluded by the "anti-modification" clause of 11 U.S.C. § 1322(b)(2).

1

Appellant makes two principal arguments on appeal. First, she argues that the Bankruptcy Court should have bifurcated U.S. Bank's claim without regard to § 1322(b)(2). And second, she argues that even if the Bankruptcy Court was correct in considering § 1322(b)(2), the court erred in finding that it protected Appellee's claim from bifurcation.

For the reasons set forth below, the Court has no occasion to reach these arguments because the appeal is moot. It will therefore be dismissed.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 2005, Appellant acquired a 49% stake in a residential property located at 1205 Stirling Street in Philadelphia, Pennsylvania (the "Property") as a tenant in common. Appellant and her co-tenants in common, Daudouin Dubuisson and Nativita Dubuisson Gregory (collectively the "Dubuissons"), collectively own the entirety of the property.

To purchase the Property, the Dubuissons executed a note in favor of GreenPoint Mortgage Funding, Inc. in the amount of $144,400.00. The terms of the note provide that the loan is payable over thirty years with a maturity date of June 1, 2035. To secure repayment of that note, Appellant and the Dubuissons executed a mortgage in favor of Mortgage Electronic System "as nominee for Lender and Lender's successors and assigns." Appellant's Br. App. 110, ECF No. 13-1. The "Lender" listed in

the mortgage is GreenPoint Mortgage Funding, Inc ("GreenPoint"). In August 2011, GreenPoint executed an assignment of the mortgage in favor of U.S. Bank.

On June 16, 2015, U.S. Bank obtained a foreclosure judgment by default against Appellant and her co-owners in the amount of $161,958.16.

On April 23, 2018, Appellant filed a voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code. On June 26, 2018, U.S. Bank filed a proof of claim ("POC") asserting a claim secured by Appellant's residence for $192,536.07. The POC states that the basis of U.S. Bank's secured position is the mortgage on the Property. It also seeks payment for advances U.S. Bank made for real estate taxes and insurance premiums arising after the entry of the foreclosure judgment.

On December 4, 2018, Appellant initiated the instant adversary proceeding by filing a complaint, naming three defendants: (1) U.S. Bank; (2) Ocwen Loan Servicing, LLC, who serviced Appellant's mortgage; and (3) Phelan Hallinan Diamond and Jones, LLP ("Phelan Hallinan"), the law firm that signed and filed the POC on behalf of U.S. Bank. As relevant for the purposes of this appeal, Count III invokes 11 U.S.C. § 506(a) and (d) and seeks a determination that U.S. Bank's allowed secured claim be limited to the value of U.S. Bank's interest in

3

the bankruptcy estate's interest in the real property serving as collateral for the claim.

> Section 506(a) provides that
>
> > [a]n allowed claim of a creditor secured by a lien on property in which the state has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

11 U.S.C. § 506(a)(1). Section 506(d) states that a lien is void to the extent that it does not secure a claim against a debtor that is an allowed secured claim. Id. at § 506(d)(2).

The complaint avers that the Bankruptcy Court's proper application of sections 506(a) and (d) would result in U.S. Bank's claim being reduced to an allowed secured claim in the amount of $45,192.04 and an allowed unsecured claim to the extent the claim exceeds that amount.

After the defendants filed motions to dismiss the complaint, the Bankruptcy Court dismissed Count III. The Bankruptcy Court first noted that Appellant's request to bifurcate U.S. Bank's claim appeared to be precluded "anti-modification" clause of 11 U.S.C. §1322(b)(2), which provides in pertinent part that a chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. §1322(b)(2).

4

The court then considered Appellee's argument that the anti-modification was overridden in her case by 11 U.S.C. § 1322(c)(2), which states that

> (c) Notwithstanding subsection (b)(2) and applicable bankruptcy law—
> . . .
> (2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, <u>the plan may provide for the payment of the claim as modified</u> pursuant to section 1325(a)(5) of this title.

11 U.S.C. § 1322(c)(2) (emphasis added). Appellant argued that because the 2015 foreclosure judgment rendered the balance of the note immediately payable, the "last payment" on the debt schedule was due before the date on which the final payment under any Chapter 13 plan would have been due. Under this line of reasoning, § 1322(c)(2) would override the anti-modification provision in § 1322(b)(2), and Appellant's request to bifurcate U.S. Bank's claim would not be precluded.

The Bankruptcy Court rejected Appellant's construction of § 1322(c)(2). The Bankruptcy Court noted that other courts had conflicting interpretations of the phrase "original payment schedule" as it appears in the statute. Compare In re Nepil, 206 B.R. 72 (Bankr. N.J. 1997) (finding that "original payment schedule" was ambiguous and electing to construe it broadly to include a foreclosure judgment); with In re Rowe, 239 B.R. 44

5

(Bankr. D.N.J. 1999) (finding that "original payment schedule" was unambiguous and referred only to mortgages that mature prior to the date of the last payment under the plan, not including foreclosure judgments that accelerate the mortgage). Finding <u>Rowe</u> and its progeny persuasive, the Bankruptcy Court held that the phrase "original payment schedule" unambiguously referred to the payment plan under the original note, and did not extend to the foreclosure judgment on the Property. Because Appellant's mortgage was originally set to mature in 2035, which would occur after the final payment on any Chapter 13 plan in this case, the Bankruptcy Court declined to apply § 1322(c)(2) to allow U.S. Bank's claim to be modified as requested by Count III.

After the Bankruptcy Court issued its opinion, the parties reached a resolution with respect to the remaining claims and submitted a Stipulation of Partial Settlement that, inter alia, reduced the amount of U.S. Bank's POC to $178,118.39 and provided Appellant with right to appeal the Bankruptcy Court's dismissal of Count III.[1] The Bankruptcy Court approved the stipulation, and Appellant timely filed the instant appeal.

On January 21, 2021, while this appeal was pending, Appellant filed a second amended Chapter 13 Plan (the "Second

---

[1] The parties agree that the Bankruptcy Court's approval of the stipulation rendered the order dismissing Count III final and therefore appealable to this Court.

6

Amended Plan"). The Second Amended Plan does not provide for any payment of U.S. Bank's claim. The Bankruptcy Court confirmed the Second Amended Plan on January 22, 2021.

After the plan was confirmed, U.S. Bank filed a motion for relief from the automatic stay of the foreclosure action. On March 9, 2021, the Bankruptcy Court granted the motion and removed the automatic stay,[2] giving U.S. Bank the right to proceed with the foreclosure action and enforce the judgment.

### III. LEGAL STANDARD

In reviewing an appeal from a bankruptcy court decision, this Court "applies a clearly erroneous standard to findings of fact, conducts plenary review of conclusions of law, and must break down mixed question[s] of law and fact, applying the appropriate standard to each component." In re Li, 249 B.R. 388, 389-90 (E.D. Pa. 2000) (quoting Meridian Bank v. Alten, 958 F.2d 1226, 1229 (3d Cir. 1992)).

The parties agree that only the Bankruptcy Court's conclusions of law are at issue in the present appeal. However, because the Court finds that the appeal is moot, it does not reach the merits of those conclusions.

### IV. DISCUSSION

Given that Appellee's Chapter 13 plan has been confirmed, that U.S. Bank's lien on the property is not provided for within

---

[2] Appellant did not contest the motion.

7

that plan, and that Appellant does not argue on appeal that her plan should be modified in any way, the Court must first consider whether the appeal is moot.

A federal court has jurisdiction over an action "only if the claims before it are not moot." Gayle v. Warden Monmouth Cnty. Corr. Inst., 838 F.3d 297, 303 (3d Cir. 2016) (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341-42, 352 (2006)). A case is not moot if it presents "live" issues and the parties have "'a legally cognizable interest in the outcome'— that is, a personal stake in the dispute." Id. (quoting Chafin v. Chafin, 568 U.S. 165, 172 (2013)). In other words, a case is moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Chafin, 568 U.S. 165, 172 (2013) (citation omitted).

Appellant argues that the appeal is not moot because the Bankruptcy Court's failure to grant her relief under sections 506(a) and (d) have practical consequences notwithstanding the confirmation of her chapter 13 plan. She asserts that the refusal to bifurcate U.S. Bank's claim results in U.S. Bank being able to prevent her from conveying her interest in her home for less than 100% of U.S. Bank's allowed claim, even though it is her position that the value of U.S. Bank's actual

8

interest in the property is a fraction of the amount of the claim.[3]

Because Appellant does not argue that a reversal of the Bankruptcy Court's order would have any effect on the provisions of her confirmed Chapter 13 Plan, whether the appeal is moot depends upon whether the Bankruptcy Court has authority to "strip" U.S. Bank's lien pursuant to section 506(a) and (d), given that the lien is not provided for in her Chapter 13 plan. While the Third Circuit has not directly addressed this question, as set forth below, the weight of authority suggests that courts may only strip a lien pursuant to 506(a) and (d) when that lien is included in a Chapter 13 plan.

The Supreme Court addressed a related issue in Dewsnup v. Timm, 502 U.S. 410 (1992), where it held in the context of a Chapter 7 case that section 506(d) did not function to avoid a lien when it is otherwise fully allowed under 11 U.S.C. § 502. 502 U.S. at 417. In other words, section 506(d) is not self-executing; it only functions to strip a lien when it acts in

---

[3] Appellant also argues that the appeal is not moot because if the Bankruptcy Court's holding is allowed to stand, the doctrine of collateral estoppel could prevent her from filing a future bankruptcy action in which she proposes a plan that does provide for the mortgage. While courts have recognized a "collateral consequences" doctrine as an exception to mootness, the Third Circuit has instructed that "[t]o prevent mootness, collateral consequences in the form of collateral estoppel must involve the same parties and be likely, not conjectural or hypothetical." Johnson v. Governor of New Jersey, No. 21-1795, 2022 WL 767035, at *2 (3d Cir. Mar. 14, 2022) (collecting cases). Appellant does not attempt to argue that a future bankruptcy action involving the same parties involved here is likely, so the collateral consequences exception to mootness does not apply here.

9

tandem with another provision of the bankruptcy code. See In re Davis, 716 F.3d 331, 338 (4th Cir. 2013) ("Dewsnup . . . requires that section 506 operate in tandem with another statutory provision to effectuate lien-stripping[.]").

In applying Dewsnup to the Chapter 13 context, a significant majority of courts have found that the power to strip a lien pursuant to section 506(a) and (d) is grounded in section 1322(b)(2). An Eastern District of Pennsylvania bankruptcy court observed the following:

> [M]ost, but not all, courts have grounded the authority to strip an undersecured lien in a chapter 13 debtor's power to modify the rights of a secured creditor through the plan pursuant to § 1322(b)(2). Under this approach, strictly speaking, only the confirmation of a plan that invokes § 506(a) and (d) to modify the rights of a secured creditor (and not a stand-alone court order, obtained in an adversary proceeding or contested matter) serves to strip a lien. See In re Ryan, 2012 WL 4959632, at *5 (Bankr. N.D. Ill. Oct. 17, 2012); In re Pierce, 2012 WL 1903263, at *3 (Bankr. E.D. Va. May 24, 2012); In re Scantling, 465 B.R. 671, 677-78 (Bankr. M.D. Fla. 2012); In re Orkwis, 457 B.R. 243, 248-49 (Bankr. E.D.N.Y. 2011); In re Pearson, 214 B.R. 156, 163-64 (Bankr. N.D. Ohio 1997); In re McDonough, 166 B.R. 9, 13 (Bankr. D. Mass.1994); see also Woolsey, 696 F.3d at 1278-79 (dictum). On the other hand, a few courts . . . have held that, in a reorganization case, a direct action lies under § 506(d) to avoid an undersecured lien (provided that modification of the secured creditor's rights is not otherwise restricted by other provisions in chapter 13). See In re Weinstein, 227 B.R. 284, 292 & n. 8 (9th Cir. BAP 1998); In re Monk, 2011 WL 212831, at *4 n. 4 (Bankr. D. Or. Jan. 21, 2011); In re Dever, 164 B.R. 132, 145-46 (Bankr. C.D. Cal. 1994).

In re Cusato, 485 B.R. 824, 830 (Bankr. E.D. Pa. 2013); accord In re Thomas, 626 B.R. 804, 816 n.10 (Bankr. E.D. Pa. 2021).

Since the Cusato court made the above observation, several other courts, including the Fourth and Eleventh Circuits, have found that the authority to strip an undersecured lien pursuant to section 506(a) and (d) is tied to section 1322(b)(2) in Chapter 13 cases. See, e.g., In re Davis, 716 F.3d 331, 338 (4th Cir. 2013) ("[S]ection 506 has always operated in tandem with section 1322(b) to strip liens in Chapter 13 cases."); In re Scantling, 754 F.3d 1323, 1329 (11th Cir. 2014) ("The bankruptcy code provides that when a debtor's junior liens are worthless and unsecured under § 506(a), § 506 operates in tandem with § 1322(b) to strip liens in Chapter 13 cases."); In re Ricci-Breen, No. 14-22798, 2015 WL 5156617, at *1 (Bankr. S.D. N.Y. Aug. 31, 2015). Notwithstanding the absence of Third Circuit authority on the issue, the Court agrees with the above courts' conclusion that the power to strip a lien pursuant to sections 506(a) and (d) comes from section 1322(b)(2).

Section 1322 of the bankruptcy code governs the contents of a Chapter 13 plan. Accordingly, section 1322(b)(2), which allows a plan to modify the rights of holders of secured claims, does not apply to liens not provided for in a Chapter 13 plan. And because the authority to strip a lien pursuant to section 506 is grounded in section 1322(b), it follows that such "lien-

11

stripping" authority is likewise unavailable when the lien is not included in the plan. See In re Pierce, 2012 WL 1903263, at *3 (holding that plaintiffs in a Chapter 13 adversary proceeding were not entitled to relief under section 506 because the lien was not included in their confirmed plan).

U.S. Bank's lien on the Property is not provided for in Appellant's confirmed Chapter 13 plan. Therefore, the Bankruptcy Court would have no authority to strip the lien pursuant to section 506(a) and (d) even if this Court were to remand the case. The appeal will therefore be dismissed as moot.

## V. CONCLUSION

For the foregoing reasons, the appeal will be dismissed as moot.

An appropriate order follows.